PAMELA S. HOLLIS
# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BROWN, WINIFRED | § | Case No. 11-24426 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on                    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____ .  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____ .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_, for a total compensation of $\_\_\_\_[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_, for total expenses of $\_\_\_\_[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____     By:/s/PHILIP V. MARTINO_____
                                                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

6/1/2016

Page: 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-24426 | PSH | Judge: PAMELA S. HOLLIS | Trustee Name: | PHILIP V. MARTINO |
| Case Name: | BROWN, WINIFRED | | | Date Filed (f) or Converted (c): | 06/09/11 (f) |
| | | | | 341(a) Meeting Date: | 07/08/11 |
| For Period Ending: 01/23/12 | | | | Claims Bar Date: | 11/03/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. SINGLE FAMILY HOME 1426 HINMAN AVE EVANSTON, IL 60 | 799,000.00 | 0.00 | | 28,000.00 | FA |
| 2. SINGLE FAMILY HOME 527 SHERIDAN HIGHLAND PARK, IL | 517,500.00 | 0.00 | | 28,000.00 | FA |
| 3. SINGLE FAMILY HOME 521 SHERIDAN ROAD HIGHLAND PARK | 517,500.00 | 0.00 | | 29,000.00 | FA |
| 4. CHECKING/SAVINGS ACCOUNT CITIBANK | 0.00 | 0.00 | | 0.00 | 0.00 |
| 5. TV & FURNITURE | 1,000.00 | 0.00 | | 0.00 | 0.00 |
| 6. NORMAL APPAREL | 600.00 | 0.00 | | 0.00 | 0.00 |
| 7. 2004 TOYOTA 4RUNNER | 12,800.00 | 0.00 | | 7,450.00 | FA |
| 8. DOG | 50.00 | 0.00 | | 0.00 | 0.00 |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 1.36 | Unknown |

| | | | | | Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $1,848,450.00 | $0.00 | | $92,451.36 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee's Final Report has been submitted to the U.S. Trustee for review.

Initial Projected Date of Final Report (TFR): 12/31/11     Current Projected Date of Final Report (TFR): 03/31/12

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 11-24426 -PSH | | Trustee Name: | PHILIP V. MARTINO |
| Case Name: | BROWN, WINIFRED | | Bank Name: | BANK OF AMERICA, N.A. |
| | | | Account Number / CD #: | *******0865  BofA - Money Market Account |
| Taxpayer ID No: | *******6661 | | | |
| For Period Ending: | 01/23/12 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 10/18/11 | 1, 2, 3 | Wire Transfer from Purchaser | | | 85,000.00 | | 85,000.00 |
| | | WIRE TRANSFER FROM PURCHASER | Memo Amount:  85,000.00 | 1110-000 | | | |
| * 10/18/11 | 000301 | Winifred Brown | Debtor's Exemption | 8100-003 | | 15,000.00 | 70,000.00 |
| 10/18/11 | | Bank of America Wire Transfer Fee | Wire Transfer Activity Charge | 5900-000 | | 10.00 | 69,990.00 |
| 10/25/11 | | Bank of America | Reverse of Wire Transfer Charge | 5900-000 | 10.00 | | 70,000.00 |
| 10/31/11 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.010 | 1270-000 | 0.35 | | 70,000.35 |
| 10/31/11 | | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 52.40 | 69,947.95 |
| * 11/29/11 | 000301 | Winifred Brown | Debtor's Exemption | 8100-003 | | -15,000.00 | 84,947.95 |
| | | | Debtor opted to use portion of exemption to purchase estate interest in car | | | | |
| 11/29/11 | 000302 | Winifred Brown | Debtor's exemption in property sale | 8100-002 | | 7,550.00 | 77,397.95 |
| | | | Debtor opted to purchase the estate interest in the Toyota for $7,450.00.  This check represents the balance of the exemption held in the property. | | | | |
| 11/30/11 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.010 | 1270-000 | 0.70 | | 77,398.65 |
| 12/15/11 | INT | BANK OF AMERICA, N.A. | INTEREST REC'D FROM BANK | 1270-000 | 0.31 | | 77,398.96 |
| 12/15/11 | | Transfer to Acct #*******0904 | Final Posting Transfer | 9999-000 | | 77,398.96 | 0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Memo Allocation Receipts: | 85,000.00 | | COLUMN TOTALS | | 85,011.36 | 85,011.36 | 0.00 |
| Memo Allocation Disbursements: | 0.00 | | Less: Bank Transfers/CD's | | 0.00 | 77,398.96 | |
| | | | Subtotal | | 85,011.36 | 7,612.40 | |
| Memo Allocation Net: | 85,000.00 | | Less: Payments to Debtors | | | 7,550.00 | |
| | | | Net | | 85,011.36 | 62.40 | |

Page Subtotals    85,011.36    85,011.36

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

LFORM24

Ver: 16.05b

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2
Exhibit B

| Case No: | 11-24426 -PSH | Trustee Name: | PHILIP V. MARTINO |
| --- | --- | --- | --- |
| Case Name: | BROWN, WINIFRED | Bank Name: | BANK OF AMERICA, N.A. |
| | | Account Number / CD #: | *******0904  BofA - Checking Account |
| Taxpayer ID No: | *******6661 | | |
| For Period Ending: | 01/23/12 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction / Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | 0.00 |
| 12/15/11 | | Transfer from Acct #*******0865 | Transfer In From MMA Account / 9999-000 | 77,398.96 | | 77,398.96 |
| 01/18/12 | | Transfer to Acct #*******4125 | Bank Funds Transfer / 9999-000 | | 77,398.96 | 0.00 |

|  |  |  |  |  |
| --- | --- | --- | --- | --- |
| Memo Allocation Receipts: | 0.00 | COLUMN TOTALS | 77,398.96 | 77,398.96 | 0.00 |
| Memo Allocation Disbursements: | 0.00 | Less: Bank Transfers/CD's | 77,398.96 | 77,398.96 | |
| | | Subtotal | 0.00 | 0.00 | |
| Memo Allocation Net: | 0.00 | Less: Payments to Debtors | | 0.00 | |
| | | Net | 0.00 | 0.00 | |

Page Subtotals  77,398.96  77,398.96

FORM 2

Page: 3

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 11-24426 -PSH | | Trustee Name: | PHILIP V. MARTINO |
|---|---|---|---|---|
| Case Name: | BROWN, WINIFRED | | Bank Name: | Congressional Bank |
| | | | Account Number / CD #: | *******4125 Checking Account |
| Taxpayer ID No: | *******6661 | | | |
| For Period Ending: | 01/23/12 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/18/12 | | Transfer from Acct #*******0904 | Bank Funds Transfer | 9999-000 | 77,398.96 | | 77,398.96 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Memo Allocation Receipts: | 0.00 | COLUMN TOTALS | | 77,398.96 | 0.00 | 77,398.96 |
| Memo Allocation Disbursements: | 0.00 | Less: Bank Transfers/CD's | | 77,398.96 | 0.00 | |
| | | Subtotal | | 0.00 | 0.00 | |
| Memo Allocation Net: | 0.00 | Less: Payments to Debtors | | | 0.00 | |
| | | Net | | 0.00 | 0.00 | |

| | | | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|---|---|
| Total Allocation Receipts: | 85,000.00 | TOTAL - ALL ACCOUNTS | | | |
| Total Allocation Disbursements: | 0.00 | BofA - Money Market Account - ********0865 | 85,011.36 | 62.40 | 0.00 |
| | | BofA - Checking Account - ********0904 | 0.00 | 0.00 | 0.00 |
| Total Memo Allocation Net: | 85,000.00 | Checking Account - ********4125 | 0.00 | 0.00 | 77,398.96 |
| | | | ------------------ | ------------------ | ------------------ |
| | | | 85,011.36 | 62.40 | 77,398.96 |
| | | | ============== | ============== | ============== |
| | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals  77,398.96  0.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: January 23, 2012 |
|---|---|---|---|---|---|---|

Case Number:  11-24426                    Claim Class Sequence
Debtor Name:  BROWN, WINIFRED

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3110-00 | Quarles & Brady LLP | Administrative | | $14,430.35 | $0.00 | $14,430.35 |
| 000003<br>050<br>4800-00 | SC Department of Revenue<br>POB 12265<br>Columbia, SC 29211 | Secured | | $158,414.50 | $0.00 | $158,414.50 |
| 000001<br>070<br>7100-00 | Atlas Acquisitions LLC<br>Attn: Avi Schild<br>294 Union St.<br>Hackensack, NJ 07601 | Unsecured | | $12,148.57 | $0.00 | $12,148.57 |
| 000002<br>070<br>7100-00 | Law Offices of Randall F. Pace<br>77 W. Wacker Drive, Suite 4800<br>Chicago, IL 60601 | Unsecured | | $20,000.00 | $0.00 | $20,000.00 |
| 000004<br>070<br>7100-00 | City of Evanston<br>c/o Municipal Services Bureau<br>PO Box 16755<br>Austin, TX 78761-6755 | Unsecured | | $60.00 | $0.00 | $60.00 |
| 000005<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $471.66 | $0.00 | $471.66 |
| 000006<br>070<br>7100-00 | S.C. Department of Revenue<br>P.O. Box 12265<br>Columbia, SC 29211 | Unsecured | | $93,658.00 | $0.00 | $93,658.00 |
| 00006B<br>080<br>7300-00 | S.C. Department of Revenue | Unsecured | | $64,756.50 | $0.00 | $64,756.50 |
| | Case Totals: | | | $363,939.58 | $0.00 | $363,939.58 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-24426
Case Name: BROWN, WINIFRED
Trustee Name: PHILIP V. MARTINO

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: PHILIP V. MARTINO | $ | $ | $ |
| Attorney for Trustee Fees: Quarles & Brady LLP | $ | $ | $ |
| Attorney for Trustee Expenses: Quarles & Brady LLP | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Atlas Acquisitions LLC | $ | $ | $ |
| 000002 | Law Offices of Randall F. Pace | $ | $ | $ |
| 000004 | City of Evanston | $ | $ | $ |
| 000005 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000006 | S.C. Department of Revenue | $ | $ | $ |

    Total to be paid to timely general unsecured creditors          $_____

    Remaining Balance                                             $_____

    Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 9)*

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 00006B | S.C. Department of Revenue | $ | $ | $ |

Total to be paid to subordinated unsecured creditors        $_____

Remaining Balance                                          $_____